## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2019, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Edward Williams, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 23, 2019

Court of Appeals Case No.
18A-CR-2764

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49G01-1704-F1-15309

**Pyle, Judge.**

# Statement of the Case

James Williams ("Williams") appeals the seventy-year aggregate sentence imposed after he pleaded guilty to Class A felony child molesting,[1] two counts of Level 1 felony child molesting,[2] two counts of Level 4 felony sexual misconduct with a minor,[3] and three counts of Class C felony child molesting.[4] He argues that his sentence is inappropriate in light of his character and the nature of his offenses. Concluding that the sentence is not inappropriate, we affirm Williams' sentence.

We affirm.

# Issue

> Whether Williams' sentence is inappropriate in light of the nature of his offense and his character.

---

[1] IND. CODE § 35-42-4-3. The charging information alleged that this offense occurred "[o]n or about or between August 1, 2012 and June 1, 2013." (App. at 17). Effective July 1, 2014, this offense was reclassified as a Level 1 felony. Because Williams committed this offense before that date, it retains its classification as a Class A felony.

[2] I.C. § 35-42-4-3. The charging information alleged that these offenses occurred "[o]n or about or between October 21, 2015 and June 30, 2016." (App. at 18).

[3] I.C. § 35-42-4-9. The charging information alleges that these offenses occurred "[o]n or about or between December 1, 2016 and April 23, 2017" and "[o]n or about or between April 1, 2017 and April 5, 2017." (App. at 18).

[4] I.C. § 35-42-4-3. The charging information alleges that these offenses all occurred "[o]n or about or between August 1, 2012 and June 30, 2013." (App. at 18-19). Effective July 1, 2014, this offense was reclassified as a Level 4 felony. Because Williams committed these offenses before that date, they retain their classification as Class C felonies.

# Facts

[1] Williams was in a relationship with D.B.'s ("D.B.") mother ("Mother") from 2009 to 2017, and they have two children together. Williams began having intercourse with D.B. in 2012, when she was ten years old and Williams was forty-four years old. The first incident of intercourse occurred when Williams called D.B. into his bedroom, sat her on the edge of the bed, took off her pants, and told her that he was "getting her ready for when she [was] older." (App. Vol. 2 at 14). Williams inserted his penis into D.B.'s vagina, had sexual intercourse with her until he pulled out, and then ejaculated on the floor. Williams pulled up D.B.'s pants and told her that if she told anyone what had happened, they would both be in trouble.

[2] For five years, Williams fondled D.B., performed oral sex on her, had her perform oral sex on him, and had vaginal intercourse with her. The last time Williams had intercourse with D.B. was in April 2017, when he told her to go upstairs to the bedroom closet. Williams followed D.B. up the stairs, told her to get on her hands and knees, pulled down her pants, and had sexual intercourse with her from behind. Williams ejaculated partially in D.B.'s vagina and partially on the closet floor.

[3] Several weeks later, Williams suspected that D.B. was pregnant because she was gaining weight and had missed her period. Williams searched the internet for ways to terminate pregnancies. He gave D.B. Excedrin migraine pills every day and told her to boil and drink cinnamon because he believed that it would cause her to have a miscarriage.

[4]     Mother noticed the search history on Williams' phone and questioned Williams about it. He subsequently told D.B. to tell Mother that she had been raped at gunpoint. During a discussion of the phone search, D.B. broke down and admitted that Williams had been molesting her for five years. Tests revealed that Williams had impregnated D.B.

[5]     The State charged Williams with: (1) Class A felony child molesting; (2-3) two counts of Level 1 felony child molesting; (4-5) two counts of Level 4 felony sexual misconduct with a minor; and (6-8) three counts of Class C felony child molesting. Williams admitted that that he had been having intercourse with D.B. at least once a month, and sometimes once a week, for five years and pled guilty to all of the charged offenses.

[6]     The trial court held a sentencing hearing in October 2018. At the hearing, the State told the trial court that Mother had intended to attend the hearing; however, she had been receiving threats for cooperating in the proceedings. She became so frightened by the threats that she had moved into a shelter in northwestern Indiana with her children. Mother sent a letter that she had asked the State to read into the record and present to the trial court. In the letter, Mother explained that being molested for five years had been "extremely strenuous on D.B. and her emotional well-being . . . [and] ha[d] changed [her] overall outlook on life and her future." (Tr. at 19). Mother further explained that following Williams' arrest, the State had opened a case against her, which had resulted in her losing her state childcare license and source of income. She and her children had eventually become homeless and had had to move to

northwestern Indiana to stay with family. D.B. had lost her position on the travel dance team that had provided her with safety and security. Mother further explained that D.B. "had had her innocence stolen from her not only once but hundreds of times." (Tr. 19). The Pre-Sentence Investigation Report revealed that Williams has a prior felony conviction in California for transporting a narcotic.

[7] The trial court sentenced Williams to: thirty (30) years for the Class A felony child molesting conviction; thirty (30) years for each of the two Level 1 felony child molesting conviction; six (6) years for each of the two Level 4 felony sexual misconduct with a minor convictions; and four (4) years for each of the three Class C felony child molesting convictions. The trial court further ordered the thirty-year sentence for the Class A felony child molesting conviction, one of the thirty-year sentences for a Level 1 felony child molesting conviction, one of the six-year sentences for a Level 4 felony sexual misconduct with a minor conviction, and one of the four-year sentences for a Class C felony child molesting conviction to run consecutively with each other, for a total executed sentence of seventy (70) years. Williams now appeals his sentence.

## Decision

[8] Williams argues that his seventy-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that

his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[9] The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. The sentencing range for a Class A felony is twenty (20) years to fifty (50) years, and the advisory sentence is thirty (30) years. IND. CODE § 35-50-2-4. The sentencing range for a Level 1 felony is twenty (20) to forty (40) years, and the advisory sentence is thirty (30) years. IND. CODE § 35-50-2-4. The sentencing range for a Level 4 felony is two (2) and twelve (12) years, and the advisory sentence is six (6) years. IND. CODE 35 -50-2-5.5. Lastly, the sentencing range for a Class C felony is two (2) to eight (8) years, and the advisory sentence is four (4) years. IND. CODE § 35-50-2-6.

[11] Here, the trial court sentenced Williams to the advisory sentence for each offense, which includes thirty years for each Class A and Level 1 felony, six years for each Level 4 felony, and four years for each Class C felony. The trial court further ordered the sentences for the Class A felony, one of the Level 1 felonies, one of the Level 4 felonies, and one of the Class C felonies to run consecutively to each other, for a total executed sentence of seventy years. This is well below the 178-year maximum executed sentence that trial court could have ordered.

[12] Regarding the nature of the offense, we note that Williams began having intercourse with D.B. when she was ten years old under the guise of "getting her ready for when she was older." (App. Vol. 2 at 14). For the next five years, he sexually victimized the young girl at least once per month and sometimes once per week. As a result of the offenses, D.B. became pregnant, and Mother lost her childcare license and her ability to support her family. She and her children subsequently became homeless.

[13] Regarding Williams' character, we note that Williams, who has a prior felony conviction for transporting narcotics, abused his position of trust with both D.B. and Mother by molesting D.B. for five years and threatening her not to tell anyone. Then, when Williams believed that D.B. was pregnant, he attempted to induce a miscarriage and he told D.B. to lie to Mother about how she had become pregnant.

Williams has failed to meet his burden to persuade this Court that his aggregate seventy-year sentence is inappropriate.

Affirmed.

Riley, J., and Bailey, J., concur.